UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ADAM JOSHUA MENDES, | |
| Plaintiff, | CIVIL ACTION NO. 3:19-CV-02087 |
| v. | |
| JOHN WETZEL, et al., | (MEHALCHICK, M.J.) |
| Defendants. | |

**MEMORANDUM**

This is a *pro se* civil rights action, initiated upon the filing of the original Complaint in this matter by prisoner-Plaintiff Adam Joshua Mendes ("Mendes") on October 24, 2019. (Doc. 2). In his Complaint, Mendes asserts a violation of his Eighth Amendment constitutional rights under 42 U.S.C. § 1983, arising from an incident that occurred while he was in his cell at State Correctional Institution at Dallas. ("SCI-Dallas") (Doc. 2, at 5, 6). Mendes alleges that a piece of concrete fell from his cell and struck him in the head, after which he was not provided medical treatment for more than four hours. (Doc. 2, at 5-6). Mendes is currently incarcerated at SCI-Dallas in Luzerne County, Pennsylvania. (Doc. 2, at 1). Mendes originally brought his claims against John Wetzel, John Ramson, Amanda West, A. Litwhiler, D. Varner, Officer John Doe One, and Officer John Doe Two (hereinafter collectively known as "Defendants").[1] (Doc. 2, at 1). All Defendants have entered their

---

[1] Mendes listed Defendants in his original Complaint. (Doc. 2, at 1). However, pursuant to the Memorandum and Order filed by the Court on February 8, 2021, the only claims remaining that did not require amendment were those brought against Officer John Doe One and Officer John Doe Two (hereinafter collectively known as "John Doe Defendants"). (Doc. 24, at 12, 14).

appearances in this matter through counsel and all parties have consented to the undersigned's jurisdiction to handle proceedings in this matter. (Doc. 21). Now pending before the Court is Defendants' Motion to Dismiss filed on July 15, 2021. (Doc. 30). The time for briefing has passed and the Motion to Dismiss is ripe for disposition. (Doc. 30; Doc. 31).

For the reasons discussed herein, Defendants' Motion to Dismiss shall be **GRANTED**. (Doc. 30).

## I. BACKGROUND AND PROCEDURAL HISTORY

On October 24, 2019, Mendes initiated this action in the United States District Court for the Eastern District of Pennsylvania. (Doc. 2). Along with his Complaint, Mendes filed a motion for leave to proceed *in forma pauperis*. (Doc. 1). The Eastern District Court denied Mendes's motion to proceed *in forma pauperis* on October 29, 2019. (Doc. 4). Mendes subsequently filed his prisoner trust fund account statement on November 8, 2019. (Doc. 5). On September 22, 2019, the Eastern District Court directed the Clerk of Court to transfer this case to this Court and that this Court shall be given discretion to rule on Mendes's motion to proceed *in forma pauperis*. (Doc. 6). Upon receiving this case, this Court directed Mendes to either pay the filing fee or file a signed application to proceed *in forma pauperis*. (Doc. 8). Mendes filed a second motion for leave to proceed *in forma pauperis*, including certification on January 2, 2020, which this Court granted on May 13, 2020.[2] (Doc. 9; Doc. 14). After waiver of service, the Defendants filed a Motion to Dismiss on July 13, 2020. (Doc. 17; Doc. 20). In response, Mendes filed a brief in opposition to which the Defendants filed a reply brief. (Doc. 22; Doc. 23). On February 8, 2021, the Court granted in part and denied in part Defendants'

---

[2] Mendes also filed a Motion to Stay on April 8, 2020, which this Court denied in its Order on May 13, 2020. (Doc. 12; Doc. 14).

Motion to Dismiss, granting Mendes leave to amend his Eight Amendment claims against Defendants Wetzel and Litwhiler by March 10, 2021. (Doc. 24, at 15). On March 8, 2021, Mendes sought an extension of time to file his amended complaint, which the Court granted on March 9, 2021, and provided him until May 7, 2021, to file his amended complaint. (Doc. 26, at 1-2; Doc. 27, at 1). On June 7, 2021, having not received an amended complaint from Mendes, the Court ordered Mendes to file an amended complaint on or before Monday, June 21, 2021, or some or all of his claims would be dismissed for lack of prosecution and failure to comply with previous court orders. (Doc. 28, at 1). On June 24, 2021, Mendes refused mail from the Court and the mail was returned. (Doc. 29). On July 15, 2021, Defendants filed a Motion to Dismiss for Lack of Prosecution. (Doc. 30). As of the date of this Order, Mendes has neither responded to Defendants second Motion to Dismiss, nor filed an amended complaint.

Mendes's Complaint alleges that Defendants deprived him of adequate and prompt medical treatment when he was hit in the head by a falling concrete block in his cell. (Doc. 2, at 5-6). Mendes states that when he was ordered into his cell at SCI-Dallas, he informed John Doe One that "repairs were [being] done on the cells above his, and debris was coming down."[3] (Doc. 2, at 5). John Doe One subsequently stated, "I don't see anything wrong with your cell, you need to go inside now, or I will write you up!" (Doc. 2, at 5). After Mendes entered his cell, a piece of concrete fell from the ceiling and struck him in the back of the head. (Doc. 2, at 5). According to the Complaint, Mendes, along with three other inmates, informed John Doe Two that he was injured after which John Doe Two "denied [Mendes] medical

---

[3] Mendes's complaint contained multiple typographical errors. (Doc. 2). For ease of reading, most brackets have been omitted when quoting the original document.

- 3 -

treatment." (Doc. 2, at 5). Mendes was eventually taken to the infirmary where he was "[merely] treated" which included cleaning, treating, and photographing the injury along with a prescription for pain. (Doc. 2, at 5-6) (brackets in original). Mendes still complains of "severe headache[s,] . . . brief blackouts and loss of balance from time to time all [of] which never existed prior to this incident." (Doc. 2, at 6). The allegations outlined above give rise to Mendes's suit under § 1983 and the Eighth Amendment. (Doc. 2, at 1-2). Mendes seeks compensatory and punitive damages in the amount of $800,000. (Doc. 2, at 2).

## II. Discussion

### A. Failure to Prosecute Pursuant to FRCP 41(b)

Defendants move to dismiss this action pursuant to Federal Rule of Civil Procedure 41(b) on the basis that Mendes failed to file an amended complaint, as directed by the Court in its Order and refused to accept mail that pertains to this case from the Court. (Doc. 30, at 2). Rule 41(b) provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." A court's decision to dismiss for failure to prosecute is committed to the court's sound discretion and will not be disturbed absent an abuse of discretion. *Emerson v. Thiel Coll.*, 296 F.3d 184, 190 (3d Cir. 2002) (per curium). In evaluating whether an action should be dismissed for failure to prosecute, a court must balance six factors:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party . . . was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

*Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984) (emphasis omitted).

The *Poulis* factors are not "a magic formula whereby the decision to dismiss or not to dismiss a plaintiff's complaint becomes a mechanical calculation . . . ." *Mindek v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir. 1992). No one factor is determinative and not all of the *Poulis* factors must be met to warrant dismissal. *Mindek*, 964 F.2d at 1373; *Hicks v. Feeney*, 850 F.2d 152, 156 (3d Cir. 1988). Instead, the decision must be made in the context of the courts extended contact with the litigant. Dismissal for failure to prosecute is appropriately labeled a "drastic sanction," however, because it is "deemed to be an adjudication on the merits, barring any further action between the parties." *Sebrell ex rel. Sebrell v. Phila. Police Dep't*, 159 F. Appx. 371, 373 (3d Cir. 2005) (not precedential) (citing *Landon v. Hunt*, 977 F.2d 829, 833 (3d Cir. 1992); Fed. R. Civ. P. 41(b)). In light of this framework, the Court finds that a careful assessment of the *Poulis* factors in the case at bar weighs heavily in favor of dismissing this action.

### 1. Plaintiff's Personal Responsibility

Looking to the *Poulis* factors, the Court finds that a consideration of the first factor, the extent of the party's personal responsibility, shows that the delays in this case are entirely attributable to Mendes. Because Mendes is a *pro se* litigant, he is solely responsible for prosecuting his claim. *See Hoxworth v. Blinder Robinson & Co.*, 980 F.2d 912, 920 (3d Cir. 1992). "As a general rule, a *pro se* litigant is responsible for his failure to comply with court orders." *Lopez v. Cousins*, 435 F. App'x 113, 116 (3d Cir. 2011) (not precedential). Mendes has failed to abide by court orders and neglected to litigate this case. Specifically, Mendes failed to file an amended complaint despite being directed to do so by the Court. (Doc. 28). Accordingly, the first *Poulis* factor weighs in favor of dismissal.

### 2. Prejudice to the Moving Party

Defendants submit that the second *Poulis* factor, the prejudice to the adversary caused by the failure to abide by court orders, is also satisfied here because "they cannot properly prepare for the case without knowing the status of the pleading as well as Plaintiff's intentions." (Doc. 31, at 4). A finding of prejudice does not require "irremediable harm." *Adams v. Trs. of N.J. Brewery Emps.' Pension Tr. Fund,* 29 F.3d 863, 873–74 (3d Cir. 1994). Rather, "the burden imposed by impeding a party's ability to [effectively prepare] a full and complete trial strategy is sufficiently prejudicial." *Ware v. Rodale Press, Inc.,* 322 F.3d 218, 222 (3d Cir. 2003). Here, the Court finds that Mendes's failure to file an amended complaint has delayed Defendants' efforts to obtain a timely resolution of this action and inhibited their ability to present a valid defense for this case. Accordingly, the Court finds that the second *Poulis* factor weighs in favor of dismissal.

### 3. History of Dilatoriness

"Extensive or repeated delay or delinquency constitutes a history of dilatoriness, such as consistent non-response to interrogatories, or consistent tardiness in complying with court orders." *Adams,* 29 F.3d at 874; *see also Emerson,* 296 F.3d at 191 (per curium) (finding a history of dilatory conduct where plaintiff repeatedly requested stays and failed to comply with court-mandated deadlines). Conversely, "conduct that occurs one or two times is insufficient to demonstrate a history of dilatoriness." *Briscoe v. Klaus,* 538 F.3d 252, 261 (3d Cir. 2008) (citation omitted). In deciding whether a history of dilatory conduct exists, this Court must evaluate "a party's problematic acts . . . in light of its behavior over the life of the case." *Adams,* 29 F.3d at 875.

Here, the Court had granted Mendes leave to amend his Complaint within 30 days of the order, on or before March 10, 2021. (Doc. 24, at 15-16). Mendes filed a Motion for Extension of Time to file his amended complaint on March 8, 2021, 28 days after the Court granted Mendes leave to amend. (Doc. 26). The Court granted Mendes's Motion for Extension of Time on March 9, 2021, providing Mendes with an extension to file his amended complaint until May 7, 2021. (Doc. 27, at 1). On June 7, 2021, the Court ordered Mendes to file an amended complaint on or before June 7, 2021, or some or all of his claims would be dismissed for lack of prosecution and failure to comply with previous court orders directing him to file an amended complaint on or before May 7, 2021. (Doc. 28, at 1). On June 24, 2021, the Court's mail was returned, as Mendes had refused mail from the Court regarding this case. (Doc. 29). On July 15, 2021, Defendants filed the current motion to dismiss, to which Mendes has not responded. (Doc. 30). Mendes's failure to comply with Court orders and respond to the currently pending motion, along with his refusal to accept mail from the Court evidences a pattern of dilatory conduct that weighs in favor of dismissal. *See Fowler v. Tennis*, No. 3:09-CV-01726, 2011 WL 1988418, at *2 (M.D. Pa. May 2, 2012) (finding that a "plaintiff's actions indicated an intent to abandon this case" when he did not respond to a motion and refused to accept mail from the court).

4. **Willful Conduct or Bad Faith**

The fourth *Poulis* factor requires the Court to consider whether Mendes's conduct reflects mere inadvertence or negligence, as opposed to "strategic," "intentional or self-serving behavior." *Adams*, 29 F.3d at 875-76. "Under this factor, the District Court must consider whether the conduct was the type of willful or contumacious behavior which [can be] characterized as flagrant bad faith." *Briscoe*, 538 F.3d at 262 (quotation omitted). Defendants

urge the Court to find that Mendes's actions were willful in his failure to amend his complaint and his refusal of mail from the Court, in that "[h]e knew his responsibilities as a result of the Court's previous Orders, and he chose not to fulfill them." (Doc. 32, at 4). Mendes's refusal of mail from the Court indicates willful conduct and weighs in favor of dismissal under the fourth *Poulis* factor. (Doc. 29); *see Fowler,* 2011 WL 1988418, at *2 ("Because of the plaintiff's refusal of mail from the court . . ., we conclude that the plaintiff's conduct was willful.").

### 5. Availability of Alternative Sanctions

Defendants argue that the fifth *Poulis* factor, the effectiveness of alternative sanctions, urges dismissal. (Doc. 32, at 10). Generally, "sanctions less than dismissal [are] ineffective when a litigant, such as [Mendes], is proceeding *pro se*." *See Lopez*, 435 F. Appx. at 116 (not precedential); *Emerson,* 296 F.3d at 191 (per curium); *see, e.g., Nowland v. Lucas*, No. 1:10-CV-1863, 2012 WL 10559, at *6 (M.D. Pa. Jan. 3, 2012) ("This case presents such a situation where the plaintiff's status as a *pro se* litigant severely limits the ability of the court to utilize lesser sanctions to ensure that this litigation progresses in an orderly fashion."). Here, Mendes's status as a *pro se* litigant prevents this Court from sanctioning him or utilizing lesser alternative sanctions. Accordingly, the fifth *Poulis* factor weighs in favor of dismissal.

### 6. Meritoriousness of Plaintiff's Claims

The final *Poulis* factor enjoins the Court to consider the meritoriousness of Mendes's claims. *Poulis,* 747 F.2d at 868. A claim is deemed meritorious when "the allegations of the pleadings, if established at trial, would support recovery by plaintiff. . . ." *Poulis,* 747 F.2d at 870. In dismissing Mendes's initial complaint, in part, the Court found that Mendes's claims only sufficiently stated a claim for relief against the John Doe Defendants, who have yet to be named by Mendes. (Doc. 24, at 12, 14). Furthermore, Mendes has failed to put forth an

amended complaint that potentially states meritorious claims against Defendants Wetzel and Litwhiler, the only claims that the Court dismissed without prejudice. (Doc. 24, at 16). However, because Mendes's claims against the John Doe Defendants survived Defendants' Motion to Dismiss, the Court can "conclude for purposes of the analysis under *Poulis* that [Mendes's remaining] claims are meritorious." *Fowler*, 2011 WL 1988418, at *3. Accordingly, the sixth *Poulis* factor does not weigh in favor of dismissal.

### 7. Balancing the *Poulis* factors

To reiterate, when weighing the *Poulis* factors, there is no "magic formula" or "mechanical calculation" that automatically warrants dismissal for failure to prosecute. *Briscoe*, 538 F.3d at 263. Quite the contrary, the Court is guided by the Third Circuit's warning that "no single *Poulis* factor is dispositive," and that "not all of the *Poulis* factors need be satisfied in order to dismiss a complaint." *Ware,* 322 F.3d at 222; *Mindek*, 964 F.2d at 1373. Here, on balance, the *Poulis* factors weigh in favor of dismissal of this action for lack of prosecution, as the only factor weighing against dismissal is that Mendes has a remaining meritorious claim against two John Doe Defendants. Accordingly, Defendants' Motion to Dismiss for Lack of Prosecution is **GRANTED**. (Doc. 30).

### III. CONCLUSION

Based on the foregoing, it is so ordered that Defendants' Motion to Dismiss (Doc. 30) is **GRANTED**.

An appropriate Order follows.

Dated: August 16, 2021         *s/ Karoline Mehalchick*
                               **KAROLINE MEHALCHICK**
                               **Chief United States Magistrate Judge**